**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| PATRICK BAKER | § | |
| | § | |
| V. | § | No. 5:15CV160 |
| | § | |
| JOHN MCHUGH, SECRETARY OF THE | § | |
| ARMY | § | |

**MEMORANDUM ORDER**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

**I. REPORT AND RECOMMENDATION**

On September 18, 2015, Patrick Baker ("Plaintiff"), proceeding *pro se*, filed this defamation, race discrimination, and retaliation/reprisal case against John McHugh, Secretary of the Army ("Defendant"). On October 9, 2015, the Magistrate Judge *sua sponte* issued a Report and Recommendation, recommending Plaintiff's case be dismissed. According to the Magistrate Judge, Plaintiff acknowledges this case is related to his two previous lawsuits (Cause Nos. 5:14cv52 and 5:14cv72). The Magistrate Judge noted Plaintiff is asserting in this case the same claims for defamation, race discrimination, and retaliation/reprisal against Defendant McHugh that were dismissed without prejudice for failure to exhaust his administrative remedies in Cause No. 5:14cv72 on March 30, 2015. Because Plaintiff did not attach any documentation to his form complaint showing he has now exhausted his administrative remedies as required, the Magistrate Judge recommended his current second case against Defendant McHugh be dismissed.

The Magistrate Judge further recommended the Court enter an Order requiring Plaintiff to seek permission before filing any new litigation *in forma pauperis* regarding these claims in a Court within the Eastern District of Texas without first obtaining the express permission of a district judge within the Eastern District.

## II. OBJECTIONS

In his objections to the Magistrate Judge's October 9, 2015 *sua sponte* Report and Recommendation, Plaintiff states he now attaches "every document once again to show from the first filing I have exhausted all of my administrative remedies." (Dkt. No. 11 at 1). According to Plaintiff, the Court has jurisdiction to hear his refiled claims.

## III. *DE NOVO* REVIEW

Although he failed to attach any documentation to his complaint showing his case is now properly before the Court, Plaintiff attached 41 pages of exhibits to his objections. All of this evidence has been considered and addressed at length in his previous two lawsuits, discussed below. In recommending Defendant McHugh's motion to dismiss in the first case be granted, the Magistrate Judge specifically considered the May 20, 2014 Denial from the EEOC's Office of Federal Operations ("OFO") attached to Plaintiff's objections in this case.

As previously noted by the Magistrate Judge in the first case against Defendant McHugh, Plaintiff's own documents reveal the EEOC dismissed Plaintiff's claims based on his failure to contact an EEO Official or Counselor within the required 45-day filing period. (Cause No. 5:14cv72, Dkt. No. 61 at 12). This foreclosed Plaintiff's first case, and Plaintiff has not presented any new evidence indicating the Court has jurisdiction to hear his refiled claims.

In three different cases, the Court has expended a tremendous amount of judicial resources

on what amounts to the same set of facts.[1]  In the first case against Defendant McHugh, the Court considered at length the documents attached to Plaintiff's objections to determine whether Plaintiff had properly exhausted administrative remedies as required.  In a detailed 20-page Report and Recommendation dated December 30, 2014, the Magistrate Judge concluded Plaintiff had not, and the undersigned adopted the findings and conclusions of the Magistrate Judge on March 30, 2015.

Nothing has changed that would allow Plaintiff to proceed with the same claims against Defendant McHugh a second time.  Plaintiff attaches no additional documentation in either his form complaint or in his objections demonstrating the Court now has jurisdiction over Plaintiff's claims.  The Court agrees Plaintiff's case should be dismissed.

Given Plaintiff's history of filing multiple lawsuits regarding the same issue, the Court agrees with the Magistrate Judge that Plaintiff should be required to seek permission before filing any new civil litigation *in forma pauperis* regarding these claims.[2]

In sum, the Court finds Plaintiff's objections without merit.  The Court is of the opinion the

---

[1] On April 16, 2014, Plaintiff, proceeding *pro se*, filed an employment discrimination lawsuit against URS Federal Support Services, Inc. ("URS"), pursuant to Title VII of the Civil Rights Act of 1964 (Cause No. 5:14cv52). Approximately one month later, Plaintiff filed another employment discrimination lawsuit against Defendant McHugh and the Red River Army Depot ("RRAD") pursuant to Title VII. (Cause No. 5:14cv72). On July 21, 2014, the Court ordered that Plaintiff's two civil actions be consolidated into one case under the number of the second filed case, Cause No. 5:14cv72.

On March 30, 2015, the Court adopted the December 30, 2014 Report and Recommendation of the Magistrate Judge as the findings and conclusions of the Court, dismissing without prejudice Plaintiff's claims against McHugh and the RRAD.  The Court also granted URS' Rule 12(b)(6) motion to dismiss Plaintiff's racial discrimination claim, leaving only Plaintiff's retaliation claim against URS.  On August 17, 2015, the Magistrate Judge issued a Report and Recommendation, recommending URS' amended motion to dismiss for failure to state a claim, which was converted to one for summary judgment after notice to the parties, be granted.  Plaintiff's objections are pending before the undersigned.

[2] Plaintiff is not required to seek permission if he pays the full filing fee.

findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiff's above-entitled and numbered case is **DISMISSED**. It is further **ORDERED** that Patrick Baker is prohibited from proceeding *in forma pauperis* with any new civil action in this Court regarding these claims unless he first obtains from a district judge of this Court leave to proceed *in forma pauperis*. If a civil action is removed or transferred to this Court, the case will be subject to summary dismissal unless, within 30 days of the date of removal or transfer, Baker seeks, in writing, leave from a district judge of this Court to proceed in this Court.

The Clerk of the Court is directed to **CLOSE** the case.

**It is SO ORDERED.**

**So ORDERED and SIGNED this 16th day of October, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE